Argued March 30, reversed April 25, 1916.

## WAGNER *v.* WAGNER.

(156 Pac. 1037.)

**Divorce—Weight of Evidence—Guilty Party.**

1. That a venereal disease was communicated by husband to wife, entitling her to divorce, *held* shown by the preponderance of the evidence.

From Multnomah: WILLIAM N. GATENS, Judge.

Department 2. Statement by MR. CHIEF JUSTICE MOORE.

In a suit for a divorce by Felix R. Wagner against Stella Wagner, on the basis of cruel and inhuman treat-

ment and personal indignities, rendering his life burdensome, the cardinal assertion of the complaint is "that about the month of January, 1914, and while she was at La Grande, Oregon, said defendant accused the plaintiff publicly and openly with having given her a loathsome venereal disease; that the said charge that the plaintiff had given the defendant such a disease, or any disease, was wholly untrue, and was known to be untrue by defendant at the time she made the charge, the said defendant rashly, improperly and without any foundation making said charge for the purpose of annoying and humiliating plaintiff before his friends; that such actions upon the part of said defendant have made it impossible for plaintiff and defendant to longer live together as husband and wife, and have injured and affected plaintiff's health."

The answer admits the marriage of the parties; that they have resided in Oregon more than a year before this suit was begun, that no children have been born of the union, and that the plaintiff is the owner of lot 17 and the undivided one half of lot 18, in block 319, in Balch's Addition to the City of Portland. For a separate defense and counterclaim by way of cross-bill, the answer declares the plaintiff has been and is guilty of cruel and inhuman treatment of the defendant which has, and does, render her life burdensome. The essential charge in the cross-bill declares "that at such marriage this defendant was stout and in good health, but that during the summer of 1913 plaintiff communicated to defendant, without her consent or fault, the germs of a loathsome disease, whereby she became sick and afflicted, and required medical attention and care, became and was helpless and prostrated, so that plaintiff sent to La Grande, Oregon, to defendant's mother to come to Portland, Oregon, to take care of

and nurse defendant, which required defendant's parents to care for her and nurse her and to take her to their home in La Grande, Oregon, and at their own expense; that this defendant is now, by reason of said treatment of plaintiff and said disease, a confirmed invalid, a nervous wreck, and unable to support herself, and by reason of which defendant is unable to live with or cohabit with plaintiff, and defendant is now without means, and comparatively helpless."

A part of the prayer of the cross-bill is that the defendant's maiden name, Stella Bloch, be restored to her, The statements of new matter in the answer and cross-bill were controverted by the reply. After the testimony had been taken the court considering it made, among others, a finding of fact agreeable to the allegation repeated herein from the initiatory pleading, and granted the divorce to the plaintiff, freeing his real property from any claim that might be made against it by the defendant. From this decree she appeals.

                                REVERSED.

For appellant there was a brief and an oral argument by *Mr. Charles H. Finn.*

For respondent there was a brief over the names of *Mr. Joseph H. Page* and *Mr. Wilson T. Hume,* with an oral argument by *Mr. Page.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. An examination of the testimony discloses the character of the defendant to be eminent, and that her reputation for virtue and modesty is unquestioned. From her childhood until about six months after her marriage her health was excellent. In July, 1913, she became ill, and a physician was summoned. At his request two specialists were consulted, and it was found

she was suffering from an attack of specific arthritis. The modern remedies used generally in a case of that kind were hypodermically administered. Her feet and lower limbs, however, were so swollen that they were incased in plaster of paris casts. When she had somewhat recovered she went with her mother to La Grande, Oregon, her former home, intending to return to her husband as soon as she was able to make the journey. After remaining with her parents a short time she for the first time learned from a physician, who was there treating her, the nature of her malady, and then determined to bring a suit for a divorce, and so notified the plaintiff. The suit, however, was commenced by him, and a decree passed in his favor. It is unnecessary to refer further to the testimony. Its preponderance convinces us the defendant's charge against the plaintiff is sustained, and she is the party who is entitled to the relief prayed for in the cross-bill. The decree appealed from is reversed, and one will be entered in this court, giving the divorce to the defendant, restoring her maiden name, and granting to her an undivided one third of the plaintiff's real property as particularly described.            REVERSED.    DECREE RENDERED.

MR. JUSTICE BEAN, MR. JUSTICE HARRIS and MR. JUSTICE McBRIDE concur.